**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 97-31115**
**Summary Calendar**
_____

**JERRY W. WOODALL,**

Plaintiff-Appellant,

**versus**

**FLOPETROL-JOHNSTON, A division of Schlumberger**
**Technology Corporation, et al.,**

Defendants,

**SCHLUMBERGER TECHNOLOGY CORPORATION, Successor**
**to Johnston-Macco and Flopetrol-Johnston,**

Defendant-Appellee.

_____

**Appeal from the United States District Court**
**for the Eastern District of Louisiana**
**(96-CV-4061-F)**
_____
April 14, 1998
Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Jerry W. Woodall appeals the summary judgment granted Schlumberger Technology Corporation. Woodall filed the instant action against Schlumberger in 1996, claiming damages for injuries sustained as a result of exposure to radiation in 1981 while

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

working as an offshore radiographer aboard a jack-up barge owned by an unincorporated division of Schlumberger.

But, in 1984, Woodall settled a 1981 lawsuit against Schlumberger, in which he also claimed damages for injuries resulting from the same radiation exposure. Relying on a reservation of rights provision in the 1984 release, Woodall contends that the district court erred by concluding that the 1984 release bars his claims for subsequent injuries, as asserted in the instant action.

Having reviewed the record and the briefs, we **AFFIRM** essentially for the reasons stated in the district court's opinion. *See* ***Woodall v. Flopetrol-Johnston, et al.***, No. 96-4061 (E.D. La. Oct. 9, 1997).

*AFFIRMED*